UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80681-CIV-MARRA/JOHNSON

HARVEST FOOD GROUP, INC.,

    Plaintiff

vs.

NEWPORT INTERNATIONAL OF TIERRA
VERDE, INC., NECO, LLC, a subsidiary of
NEWPORT INTERNATIONAL OF TIERRA
VERDE, INC., ATLANTIS FOODS, INC., a wholly
owned subsidiary corporation of NECO, LLC,
TIMOTHY P. DELONG, HOPE B. DELONG,
JOHN C. MCGEOUGH, each individually,

    Defendants.
_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants, Newport International of Tierra Verde, Inc. ("Newport"), NECO, LLC ("NECO"), and John P. McGeough ("McGeough")'s Motion to Dismiss (DE 5). Plaintiff filed a response to the motion (DE 10). The Court has carefully reviewed the motion, the response, and is otherwise fully advised in the premises.

**Background**

On June 20, 2008, Plaintiff filed his Complaint against Defendants (DE 1). Plaintiff brings suit alleging various claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a-t, to enforce its right to payments due for produce purchased by Defendants. Under this Act, the agricultural commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust ("PACA Trust") for the benefit of the seller until full payment is made to the seller by the dealer. 7 U.S.C. § 499a-t; see

also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir.1997).  Plaintiff also raises claims for breach of contract, breach of fiduciary duty to PACA trust beneficiaries, conversion and unlawful retention of PACA trust assets.

The facts, as alleged in the Amended Complaint, are as follows: Plaintiff Harvest Food Group, Inc. ("Harvest" or "Plaintiff") operates its business under a valid USDA-issued PACA license. Compl. ¶ 1.  Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.  Compl. ¶ 2.  Defendant Atlantis Foods, Inc. ("Atlantis"), is a dealer and purchaser of produce in wholesale quantities. Compl. ¶ 3(a).  Defendants Timothy P. Delong and Hope P. Delong are officers or directors or persons in a position to control Atlantis at all times relevant to this action. Compl. ¶ 3(b, c). Defendant NECO, LLC ("NECO") is the current owner and operator of Atlantis, and is a subsidiary of Defendant Newport International of Tierra Verde, Inc. ("Newport"). Compl. ¶ 3(d). Defendant Newport is the parent company of NECO. Compl. ¶ 3(e).  Defendant, John P. McGeough ("McGeough") is the Chief Executive Officer ("CEO") of Newport and in that capacity, controlled or was in a position to control, the assets of Atlantis at all times relevant to this action. Compl. ¶ 3(f).  (Collectively, "Defendants").

Plaintiff sold to Atlantis produce having an invoice value in the current total amount of $86,976.34. Compl. ¶ 6.  Atlantis accepted each load of produce. Compl. ¶ 7.  Plaintiff issued to Atlantis, and Atlantis received, each of the corresponding invoices. Compl. ¶ 9.

NECO currently owns and operates Atlantis. Compl. ¶ 10.  As the new owner, NECO is responsible for Atlantis' assets and liabilities, including paying for the unpaid produce Plaintiff sold to Atlantis. Compl. ¶ 11.  NECO is a subsidiary business of Newport; accordingly, Newport,

as the parent company, is equally liable to Plaintiff for the unpaid produce Plaintiff sold to Atlantis. Compl. ¶ 12, 13.  Plaintiff is an unpaid supplier or seller of produce having sold produce to Defendants for which it remains unpaid. Compl. ¶ 14.  Defendants have failed to deliver good funds to Plaintiff in the trust amount, despite repeated demands from Plaintiff. Compl. ¶ 15

Defendants argue in their motion to dismiss that the Complaint improperly seeks to impose liability against them for events which Defendants claim "occurred well before their involvement with Atlantis Foods, Inc., during periods of time when none of the Defendants had any control over Atlantis Foods, Inc. and by extension, any of the alleged trust proceeds."  Resp. ¶ 8.  In addition, as more specifically related to McGeough, Defendants argue that the Complaint fails because it does not allege facts that show McGeough's involvement with, or control over the management of Atlantis at the times represented by the Invoices.

Plaintiff responds that the Court should deny the motion to dismiss because (1) it has satisfied the "notice pleading" requirement under Rule 8(a)(2) and (2) Defendants' motion is premised upon an overly narrow and incorrect interpretation of the PACA.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

Counts I, II, IV, and V of the Complaint contain allegations against Defendants Newport, NECO, and McGeough. In their motion to dismiss, these three Defendants assert that Newport and NECO did not control Atlantis at the time Atlantis accepted and subsequently failed to pay for the produce, and, thus, Plaintiff cannot seek relief under PACA against them. Additionally,

as to the claims against McGeough, Defendants argue that the Complaint does not allege facts that show McGeough's involvement with, or control over the management of, Atlantis at the times represented by the invoices, so McGeough can not have individual liability under PACA based on a corporate trustee's breach of trust (Count IV).

To establish personal liability under PACA, Plaintiff must show that the person controls the trust assets and that the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability. Gulf Coast Produce, Inc. v. American Growers, Inc., slip Copy, 2008 WL 660100, *3 (S.D. Fla. 2008). The allegations of the Complaint, which are deemed true for purposes of this motion, are that, "[a]t all relevant times, McGeough was and still is in a position of control of [Atlantis]'s finances, including the PACA Trust Assets" and that "[t]he Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claim asserted in this action. ¶ 44, 3(f), 19. Accordingly, Plaintiff has alleged the necessary elements to establish personal liability and has satisfied the notice pleading requirement as to McGeough.

Plaintiff need not set forth specific facts to support its allegations to satisfy the notice pleading standard under Rule 8, which requires only that a complaint must set forth a short and plain statement of the facts upon which the claim is based that is sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. The parties will be afforded a liberal opportunity for discovery "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48 (1957). Whether McGeough was in a position of control of Atlantis' finances at all relevant times is a fact-specific inquiry, which cannot be resolved on a motion to dismiss.. McGeough's Motion to Dismiss must be DENIED.

As to corporate defendants NECO and Newport, the Complaint alleges as follows: NECO is the current owner and operator of Atlantis. ¶¶ 3(d), 10. "As the new owner, NECO is responsible for [Atlantis'] assets and liabilities, including paying for the unpaid produce Plaintiff sold to [Atlantis]."¶ 11. "Accordingly, the parent company, Newport, is equally liable to the Plaintiff for the unpaid Produce the Plaintiff sold to [Atlantis]." ¶ 13.  However, Paragraphs 11 and 13 merely set forth legal conclusions.  Plaintiff fails to allege that either NECO or Newport[1] assumed Atlantis' liabilities.

Moreover, unpaid sellers are not able to recover trust proceeds conveyed to a third party if that party is a "bona fide purchaser" of the trust assets. Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc., 336 F.3d 410, 413 (5th Cir. 2003).   As the Eleventh Circuit explained, "[g]eneral principles of trust law govern the PACA trust, and under such principles, even if property is transferred in breach of the trust, a 'bona fide purchaser' receives the property free of the trust." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997), citing C.H. Robinson Co.v. Trust Co. Bank, N.A., 952 F.2d 1311, 1313, 1316. (11th Cir.1992). See also

---

[1] Additionally, as to Defendant Newport, the requirements of Rule 8 are particularly pertinent here since Plaintiff is suing both a parent corporation and its subsidiary.  Indeed, even though the Complaint does not expressly invoke a "veil-piercing" theory of liability, the Court must assume Plaintiff is invoking such a theory because Plaintiff seeks to hold Newport liable for the alleged liabilities of NECO solely because of the corporate affiliation between them.  Generally, to state a cognizable claim for piercing the corporate veil, the plaintiff must allege facts that, if taken as true, demonstrate that the subsidiaries are mere instrumentalities of the parent, and that the defendants engaged in "improper conduct" in the formation or use of the subsidiary. Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., slip copy, 2008 WL 926506 (S.D. Fla. 2008); see, e.g., Ford v. Carylon Corp., Inc., 937 So.2d 491, 498 (Ala.2006) ("A parent corporation generally cannot be held liable for the acts of its subsidiary unless the latter's corporate veil can be pierced as a result of the parent's abuse of control."); MeterLogic, Inc. v. Copier Solutions, Inc., 126 F. Supp. 2d 1346, 1357 (S.D. Fla. 2000).  The Complaint has not alleged a veil piercing theory of liability, see Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 845 (11th Cir.1989).  Without more, the claims cannot stand against Newport solely on the basis of it being NECO's parent corporation.

Reaves, 336 F.3d at 413 ("Accordingly, a 'bona fide purchaser' of trust assets receives the assets free of claims by trust beneficiaries."). A bona fide purchaser is one who received the proceeds "for value" and "without notice of the breach of trust." Id. A transfer is "for value" "if money is paid or other property is transferred or services are rendered as consideration for the transfer of trust property." Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1068 (2nd Cir. 1995), quoting Restatement (Second) of Trusts § 298. A person has notice of a breach of a trust only if he or she knew or should have known of the breach. Gargiulo v. G.M. Sales, Inc., 131 F.3d at 1000. Here, the Complaint fails to allege that NECO, in purchasing Atlantis, was not a bona fide purchaser of value.

For the foregoing reasons, NECO and Newport's Motion to Dismiss must be GRANTED.

**Conclusion**

For the reasons stated herein, Defendants, Newport, NECO, and McGeough's Motion to Dismiss (DE 5) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The motion to dismiss is DENIED as to McGeough.
2. The motion to dismiss is GRANTED as to Newport and NECO. Plaintiff's claims against Newport and NECO are **DISMISSED WITHOUT PREJUDICE** with leave to amend, consistent with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2008.

                                              KENNETH A. MARRA
                                              United States District Judge

copies to:
All counsel of record